UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. _____

SUPREME CONSTRUCTION CORP., a Florida
corporation
                        Plaintiff
v.

BANK OF AMERICA CORPORATION, a
Delaware corporation
                        Defendant
_____/

## COMPLAINT

## PRELIMINARY STATEMENT

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete

Diversity of citizenship and this action is for more than $75,000.00 dollars, exclusive of

interest and costs.

2.      This Court has personal jurisdiction as Defendants maintain a regular office in this

judicial district.

3.      Venue is proper under 28 U.S.C. 1391(a)(2) as this Court is a judicial district in

which a substantial part of the events or omissions giving rise to the claim occurred.

4.      As a result of a letter written on May 5, 2010 from CRAMER, JOHNSON,

WIGGINS & ASSOCIATES, INC., a Florida corporation, ("CJW") to a Mr. Toledano,

Plaintiff SUPREME CONSTRUCTION CORP. ("SCC") became aware that Defendant

BANK OF AMERICA CORPORATION ("BOA") on multiple occasions had deposited

checks made by CJW from its bank account at Fifth Third Bank (Routing Number

063109935, Account Number 52063649 and Account Number 7440108319 and Account

1

Number 700330228 and Account Number 700506124 and Account Number 111069977) which listed SCC as co-payee without seeking SCC's endorsement on the check.  Exhibit "A."

5.      BOA's unlawful deposit of the checks from Fifth Third Bank constituted a knowing execution, or attempts to execute, a scheme to defraud a financial institution (Fifth Third Bank) by means of false or fraudulent pretenses, representations or promises which BOA made to Fifth Third Bank which was material.

6.      BOA's unlawful deposit of the checks from Fifth Third Bank caused SCC to suffer economic damages, including the lost value of the checks that had SCC as a named payee.

7.      On July 21, 2010 Plaintiff served BOA with the written notice required by F.S. 772.11 (1) but BOA did not comply with such demand within 30 days after receipt of the demand..

8.      SCC was entitled to the full moneys of the checks since SCC had an assignment of insurance proceeds.

9.      BOA was only able to sent SCC's counsel evidence that one of the wrongfully cashed checks was separately reimbursed by BAY TOWERS DEVELOPMENT, LLC, a Florida corporation, now inactive, to SCC for $3,946.19 dollars.


CLAIM 1: CLAIM UNDER FLORIDA STATUTES 772.11 AGAINST BANK OF AMERICA CORPORATION ("BOA")

10.     Plaintiff re-alleges paragraphs 1 through 9.

11.     Clearly BOA with criminal intent stole SCC's money.

12.     As a result of BOA's violation of F.S. 772.11, SCC has suffered economic damages in the form of lost income, loss of goodwill and loss of dignity.

2

13. Wherefore comes SCC and sues BOA under F.S. 772.11 and seeks payment of treble

damages compensatory damages, reasonable attorney's fees and costs.

CLAIM 2: CLAIM FOR FRAUD AGAINST BANK OF AMERICA CORPORATION ("BOA")

14.      Plaintiff re-alleges paragraphs 1 through 9.

15.      Clearly BOA with criminal intent stole SCC's money.

16.      As a result of BOA's violation of F.S. 772.11, SCC has suffered economic damages in

the form of lost income, loss of goodwill and loss of dignity.

17. Wherefore comes SCC and sues BOA for fraud and seeks payment of compensatory

damages, punitive damages and reasonable attorney's fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all matters for which a jury trial is allowed by law.

## NOTICE OF APPEARANCE OF ATTORNEY

I, Erwin Rosenberg, hereby appear on behalf of Supreme Construction Corp.

11-15-2010                                    Respectfully Submitted,

Miami, Florida                    _____s/_____

Erwin Rosenberg, Esq. (#163279)
The Florida Bar # 163279
P.O. Box 416433
Miami Beach, FL 33141
Tel 786-299-2789
Fax 305-468-6552