UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-24094-CIV-MORENO

SUPREME CONSTRUCTION CORP.,

　　Plaintiff,

vs.

BANK OF AMERICA CORPORATION,

　　Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS AS TO COUNTS I, II, IV, V, and VI OF AMENDED COMPLAINT

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (**D.E. No. 27**), filed on **May 10, 2011**. Defendant Bank of America argues that the Amended Complaint lacks requisite specificity, relies on legal conclusions, and fails to show plausible entitlement relief. Plaintiff Supreme Construction Corporation contends all five claims of its amended complaint are sufficiently pled. The Court finds that the Plaintiff is only correct about its claim of conversion. The other claims fail for assorted reasons, including reliance on conclusory argument, lack of factual specificity, and insufficient matches between the facts alleged and the statutory elements of the claim.

### I. FACTUAL BACKGROUND

Plaintiff, Supreme Construction Corporation, filed a five-count Amended Complaint on April 13, 2011. The basis of the complaint stems from a series of checks deposited by Bank of America in 2006. Supreme Construction was listed as one of two or more payees on each check. The payees were listed with the word "and" between them. The checks were deposited by Bank of

America without the endorsement of Supreme Construction. In May of 2010 SCC learned of the checks.

The complaint alleged six claims: civil theft under Florida Statute 772.11, fraud, conversion, negligence, breach of contract implied by law and breach of contract implied by fact.

## II. LEGAL STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950.

## III. DISCUSSION

### A. Count I: Civil Theft under Florida Law

Under Florida law, a civil theft claim must allege injury resulting from a violation of the criminal theft statute, Fla. Stat. §812.014. Plaintiff must allege Defendant (a) knowingly (b) obtained or used, or endeavored to obtain or use, plaintiff's property with (c) felonious intent (d)

either temporarily or permanently (e) to (1) deprive plaintiff of its right to or a benefit from the property or (2) appropriate the property to his or her own uses or to the use of any person not entitled to the use of the property. Fla. Stat. §§ 722.11, 812.014(1); *see Unified Technologies Corp. v. Mazer,* 556 F.3d 1260 (11th Cir. 2009.); *Almeida v. Amazon.com,* 456 F.3d 1216, 1326-27 (11th Cir.2006); *Gersha v. Cofman,* 769 So.2d 407, 409 (Fla. 4th DCA 2000) (stating "In order to establish an action for civil theft, the claimant must prove the statutory elements of theft, as well as criminal intent.") As "[t]heft is a specific intent crime, requiring actual knowledge on the part of the defendant," Plaintiff must show the intent by Defendant to obtain check deposits of other parties. *Healy v. Suntrust Serv. Corp.*, 569 So.2d 458, 460 (Fla.Dist.Ct.App.1990).

The Plaintiff states "Clearly BOA with criminal intent stole SCC's money." Even taking as true that Bank of America wrongfully deposited checks where Supreme Construction Corporation was listed as a co-payee but had not endorsed the check, the facts pled show no felonious intent on the part of Bank of America.

<u>B. Count II: Fraud</u>

Rule 9(b) requires that "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). The Eleventh Circuit interpreted this Rule as requiring that the complaint provide: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *See United States ex rel. Clausen v. Lab. Corp. of America, Inc.*, 290 F.3d 1301 (11th Cir.2002). Therefore, Supreme Construction must set forth in the complaint the "who, what, when, where and how" of the fraud by

Bank of America. *Garfield v NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir.2006).

The Amended Complaint does not identify any specific instance where false representations were made by Bank of America. Supreme Construction does not identify representations omitted by Bank of America for the sake of misleading the Plaintiff. It only alleges misconduct by the bank in depositing checks that the corporation had not endorsed. Supreme Construction does not allege how it relied on any false representations or how it was misled. The Amended Complaint does not adequately plead any incidents of fraudulent conduct.

### C. Count III: Conversion

Conversion is an "act of dominion wrongfully asserted over another's property inconsistent with his ownership therein." *Thomas v. Hertz Corp.*, 890 So.2d 448, 449 (Fla. 3d DCA 2004) citing *Warshall v. Price*, 629 So.2d 903 (Fla. 4th DCA 1993). Conversion may exist where "a person wrongfully refuses to relinquish property to which another has the right of possession" and it "may be established despite evidence that the defendant took or retained property based upon the mistaken belief that he had a right of possession, since malice is not an essential element of the action." *Seymour v. Adams*, 638 So.2d 1044, 1047 (Fla. 5th DCA 1994) (citing *City of Cars, Inc. v. Simms*, 526 So.2d 119 (Fla. 5th DCA), *review denied*, 534 So.2d 401 (Fla.1988).

F.S.A. §673.4201(1) states:

"The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment."

And F.S.A. §673.1101(4) states:
"If an instrument is payable to two or more persons alternatively, it is payable to any of

them and may be negotiated, discharged, or enforced by any or all of them in possession of the instrument. If an instrument is payable to two or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced by only all of them. If an instrument payable to two or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively."

The Amended Complaint properly alleges conversion. The description of checks that listed Plaintiff among other payees, separated by the word "and" along with the allegation that Bank of America improperly deposited the checks without Supreme Construction's endorsement, creates the necessary factual basis to claim conversion. Furthermore, the bank seemingly concedes the conversion claim, describing it as a "possible exception" to its Motion to Dismiss arguments.

### D. Count IV: Negligence

The claim of negligence is based on the Plaintiff's words that "an act of dominion wrongfully asserted over checks" payable to Plaintiff negligently interfered with Plaintiff's "property rights." This language is more similar to a conversion claim than a negligence claim. The Plaintiff's argument that there was a duty "to refrain from negligently interfering with SCC's property rights" that was breached by "negligently making an act of dominion wrongfully asserted over checks" draws the conclusion that BOA's negligence occurred without describing how it came to be. There is no application of the facts to the elements of negligence beyond the use of the adverb "negligently." This conclusory legal argument is insufficient.

In *Federal Ins. Co. v. NCNB Nat. Bank of North Carolina*, the Eleventh Circuit affirmed the District Court's holding that a bank was negligent in paying fraudulent checks, but stated "[t]he relationship between a depositor and a particular bank controls only dealings between those two entities, and cannot implicitly authorize the same relationship between the depositor and another bank." 958 F.2d 1544, 1549 (11th Cir.1992). It can be drawn from this ruling that Supreme

Construction must properly allege a relationship with Bank of America that creates a duty for Bank of America. It does not. The Amended Complaint does not supply factual basis for Supreme Construction's relationship with any bank. Nor does it allege it is a bank customer or what kind of duty springs from whatever relationship it maintains with the bank. The claim of negligence fails to satisfactorily allege the requirements of negligence, instead it provides only conclusory argument.

### E. Count V: Breach of Contract Implied by Law

First, to benefit the Court's analysis, it reads the Plaintiff's claim of breach of contract implied by law is an allegation of unjust enrichment. In Florida, elements of a claim for unjust enrichment are "(1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (2) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1274 (11th Cir.2009) quoting *Rollins, Inc. v. Butland*, 951 So.2d 860, 876 (Fla. 2d DCA 2006).

The Plaintiff's Amended Complaint states that Bank of America enjoyed the benefit of charging fees and interest rates with the funds deposited by the checks payable to Supreme Construction Corporation. Plaintiff also argues "BOA and SCC had a contract implied by law that BOA would only accept for deposit checks payable to SCC if SCC would endorse those checks." These allegations are conclusions and lack necessary factual enhancement necessary to show the Plaintiff has a plausible entitlement of relief.

### F. Count VI: Breach of Contract Implied by Fact

The Plaintiff's last claim restates the claim of Breach of Contract Implied by Fact, except the word "law" replaces the word "law." As the Breach of Contract Implied by Law fails to state a

claim that moves beyond conclusory allegations, so too does the almost identical claim for breach of contract implied by fact. Plausible entitlement to relief is not apparent in the Plaintiff's bald assertions that "BOA materially breached its contract implied by fact by making an act of dominion" because "BOA and SCC had a contract implied by fact that BOA would only accept for deposit checks payable to SCC if SCC would endorse those checks."

## IV. CONCLUSION

The Plaintiff's claims, other than conversion, are insufficiently pled and lack the necessary factual basis to show plausible entitlement to relief. Therefore, it is **ADJUDGED** that Defendant's Motion to Dismiss is GRANTED as to Count I, II, IV, V, and VI. The case shall proceed on Count III, the Plaintiff's conversion claim. Defendant Bank of America is required to file an answer by **December 20, 2011**.

DONE AND ORDERED in Chambers at Miami, Florida, this 6 day of December, 2011.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record