UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 10-24094-CIV-MORENO

SUPREME CONSTRUCTION CORP.,

    Plaintiff,

vs.

BANK OF AMERICA CORPORATION,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION

THIS CAUSE came before the Court upon Defendants's Motion to Dismiss for Lack of Jurisdiction **(D.E. No. 35)**, filed on **December 20, 2011**. Defendant Bank of America argues that there is a lack of jurisdiction pursuant to Federal Civil Procedure Rule 12(b)(1) because Plaintiff Supreme Construction's claim does not meet the $75,000 threshold now that the Plaintiff's ability to recover punitive damages is gone. The Plaintiff contends it can collect punitive damages and argues that it can meet the diversity jurisdiction threshold by adding prejudgment interest and attorney's fees to the amount in controversy in its conversion claim. Five of the Plaintiff's original six claims were already dismissed, the conversion claim is all that remains. The Court finds that it no longer has jurisdiction over this case because Plaintiff has not provided a factual basis for punitive damages to be awarded on its conversion claim and the Plaintiff may not add prejudgment interest or attorney's fees to the amount in controversy.

### DISCUSSION

Pursuant to Florida Statute, "[t]he law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a

negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment." Fla. Stat. §673.4201(1). In the present case, Plaintiff alleges conversion by Defendant of checks where Plaintiff was listed as a co-payee but did not endorse the check. However, §673.4201(2) states "[i]n an action under subsection(1), the measure of liability is presumed to be the amount payable on the instrument, but recovery may not exceed the amount of the plaintiff's interest in the instrument." Read in conjunction with 28 USC §1332(a), which states district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," it is straightforward to this Court that the Plaintiff must allege the amount payable on the instruments rises above $75,000. The Plaintiff has not done so.

The Plaintiff's Response argues that under Fla. Stat. §671.106 and §671.21, the Court should liberally interpret the amount payable on the instrument, stating "the trier of fact must find the measure of liability is the amount payable on the instrument unless evidence is introduced which supports a finding that the measure of liability is not the amount payable on the instrument." The Plaintiff argues that prejudgment interest, punitive damages, and attorney's fees raise the amount in controversy over $75,000. The arguments are unpersuasive and do not constitute evidence that requires anything but a straightforward interpretation of the applicable statutes.

### A. Prejudgment Interest

The Plaintiff's argument for inclusion of prejudgment interest comes from two cases. The first is a case where the court is addressing admiralty law and states the issue is "well settled in admiralty law." *Kilpatrick Marine Piling v Fireman's Fund Ins.*, 795 F.2d 940, 948 (11th Cir.

1986). This is not a matter of admiralty law so the standard will not be adopted by this Court. The second case was heard in the District Court of Appeal of Florida, where the court never discussed prejudgment interest being applied to the amount in controversy necessary to retain federal jurisdiction, so it will not be applied. *See Landmark Bank of Brevard v. Hegeman-Harris Co.*, 522 So.2d 1051 (5th DCA 1988). Prejudgment interest is not included in calculating the amount in controversy necessary for diversity jurisdiction pursuant to 28 USC §1332.

### B. Attorney's Fees

Attorney's fees are generally not a recoverable litigation cost unless statutorily allowed or required. *See Key Tronic Corp. v. United States*, 511 U.S. 809, 814, 114 S.Ct. 1960, 1965, 128 L.Ed.2d 797 (1994); *Runyon v. McCrary*, 427 U.S. 160, 185, 96 S.Ct. 2586, 2602, 49 L.Ed.2d 415 (1976); *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). Neither 28 USC § 1332 nor Fla. Stat. § 673.4201(2) give statutory right to recover attorney's fees. The Plaintiff argues, an agreement to pay "20% of the gross amount collected" can be added to the amount in controversy. The Plaintiff's attorney's fee has no bearing on the amount in controversy, so this argument fails.

### C. Punitive Damages in a Conversion Claim

The Plaintiff argues punitive damages are recoverable in the conversion claim and properly notes such recovery is only available "where the circumstances surrounding the conversion are such as to show fraud, actual malice, deliberate violence or oppression, or such gross negligence as to indicated a wanton disregard for the rights of others." *Doral Country Club, Inc. v. Lindgren Plumbing Co.*, 175 So.2d 570, 571 (Fla.3d DCA 1965); *Sporting Goods Distributors, Inc. v. Whitney*, 498 F.Supp. 1088, 1092 (N.D. Fla.1980). Plaintiff did not allege any actual malice, deliberate violence, or such gross negligence as to indicate a wanton disregard.

The Plaintiff's Response argues that because felonious intent "may be proven" to exist, "there must be factual support" for it. This is not a factual allegation but simply conclusory argument. This Court already ruled that the Plaintiff's allegation that "BOA with fraudulent intent repeatedly made an act of dominion" does not constitute fraud for failure to provide requisite specificity. *See United States ex rel. Clausen v. Lab. Corp. of America, Inc.*, 290 F.3d 1301 (11th Cir.2002). Plaintiff's Amended Complaint contains conclusory argument and no language that gives any factual basis to allegations of malice, violence, oppression, or gross negligence indicating wanton disregard.

## CONCLUSION

The Plaintiff's conversion claim does not meet the $75,000 diversity jurisdiction threshold and is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

**ADJUDGED** that the motion is GRANTED. All other pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of January, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record